# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

MENG Y.,

                Petitioner,

v.

KRISTI NOEM, *Secretary, Department of Homeland Security*; TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

                Respondents.

Case No. 26-cv-1876 (LMP/DTS)

**ORDER GRANTING
HABEAS PETITION**

---

Daniel P. Suitor, **Daniel P. Suitor, PLLC, Minneapolis, MN**, for Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Meng Y. was ordered removed from the United States in June 2010, but because Respondents (the "Government") could not effectuate his removal to his native country of Laos, he was released into the community on an order of supervision ("OSUP"). ECF No. 1 ¶¶ 24, 26.  On January 12, 2026, Meng Y. was arrested by immigration officials, and he remains in the custody of Immigration and Customs Enforcement ("ICE").  *Id.* ¶ 5. Meng Y. accordingly petitioned for a writ of habeas corpus, alleging that his detention violated federal regulations governing revocation of an OSUP.  *Id.* ¶¶ 64–66.  The Court ordered the Government to answer the petition no later than March 23, 2026.  ECF No. 3. The Government timely responded, stating that "ICE has been unable to provide the

[Government's] undersigned counsel with '[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Meng Y.'s detention in light of the issues raised in his Petition.'" ECF No. 4 (quoting ECF No. 3 at 1).  The Government accordingly concedes that "there does not appear to be a good faith legal or factual basis to oppose the petition." *Id.*

This Court has previously held that the Government's failure to follow its own regulations governing revocation of an OSUP entitles a habeas petitioner to release from detention.  *See Roble v. Bondi*, 803 F. Supp. 3d 766, 771–74 (D. Minn. 2025).  That is the claim that Meng Y. makes, *see* ECF No. 1 ¶¶ 64–66, and the Government does not dispute that Meng Y. succeeds on that claim, *see* ECF No. 4.  In line with its precedent, therefore, the Court grants Meng Y.'s petition and orders his release.[1]  *Roble*, 803 F. Supp. 3d at 774.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.  Meng Y.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2.  The Government is **ORDERED** to release Meng Y. from custody by no later than 5:00 p.m. CST on Wednesday, March 25, 2026, subject to and in accordance with the conditions in his preexisting Order of Supervision; and

---

[1]   Because the Court grants Meng Y.'s petition on his regulatory claims, the Court does not reach his statutory and constitutional claims. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).

2

3.      No later than March 26, 2026, the Government is **ORDERED** to provide a status update affirming that Meng Y. was released from custody in accordance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 24, 2026                     *s/Laura M. Provinzino*

Laura M. Provinzino
United States District Judge